Veronika Fabian, State Bar 018770
Hyung S. Choi, State Bar 015669
CHOI & FABIAN, PLC
90 S. Kyrene Rd., Suite #5
Chandler, AZ 85226
Tel:  (480) 517-1400
Fax:  (480) 517-6955
 Attorneys for Plaintiff Smith

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Misty Smith,<br><br>　　Plaintiff,<br><br>vs.<br><br>Oxford Law, LLC, and Purchasers Advantage, LLC,<br><br>　　Defendants. | No. _____<br><br>**COMPLAINT**<br>**AND**<br>**DEMAND FOR JURY TRIAL** |

**INTRODUCTION**

1. Defendants Oxford Law, LLC ("Oxford Law") and Purchasers Advantage, LLC ("Purchasers Advantage") misrepresented to Plaintiff Misty Smith that the claim they were attempting to collect from her was not barred by the statute of limitations. As a result, Ms. Smith paid $2,000.00 on the Account. Plaintiff brings this action to remedy Defendants' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq*, and its invasion of her privacy.

## JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. §1337(a).

3. This Court has supplemental jurisdiction over Ms. Smith's state law claim pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendants transact business in this district.

## PARTIES

5. Plaintiff Misty Smith ("Ms. Smith") resides in Laveen, Maricopa County, Arizona.

6. Ms. Smith is a natural person, allegedly obligated to pay a debt, and is thus a "consumer" under the FDCPA. 15 U.S.C. § 1692a(3).

7. Defendant Oxford Law is a Pennsylvania limited liability company. It is not licensed to do business in Arizona.

8. Oxford Law regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, to another.

9. Oxford Law is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

10. Defendant Purchasers Advantage is a Colorado limited liability company. It is not licensed to do business in Arizona.

11. Purchasers Advantage regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, to another.

12. Purchasers Advantage is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

13. Ms. Smith is a forty-one year old single mother.

14. She works as a legal assistant in Phoenix, Arizona.

15. On January 7, 2015, Oxford Law telephoned Plaintiff's mother, Denise Hackett.

16. Oxford Law was acting on behalf of Purchasers Advantage, the alleged owner of the disputed debt.

17. At all relevant times, Oxford Law was acting as an agent for, and within the scope of its actual or apparent authority for, Purchasers Advantage.

18. Oxford Law told Ms. Hackett that Ms. Smith owed some money.

19. Oxford Law asked Ms. Hackett whether she helped Ms. Smith pay her bills.

20. Oxford Law told Ms. Hackett to tell Ms. Smith that if she didn't call immediately, Oxford Law would start contacting Ms. Smith at work.

21. Ms. Hackett contacted Ms. Smith and told her about Oxford Law's phone call.

22. Ms. Smith was mortified that Oxford Law had spoken to her mother about her personal financial affairs.

23. On that same day, Ms. Smith telephoned Oxford Law.

24. Ms. Smith asked Oxford Law what the alleged debt was for.

25. Oxford Law told Ms. Smith that it was for a Kia Rio that she had purchased and had been repossessed.

26. Oxford Law told Ms. Smith that she owed $5,197.42.

27. Oxford Law asked whether she would make payment arrangements.

28. Ms. Smith did recall purchasing a Kia Rio for personal, family, and household purposes in 2005.

29. However, Ms. Smith, who is a legal assistant, wondered whether the alleged debt was barred by the statute of limitations.

30. Thus, Ms. Smith asked Oxford Law when the vehicle was repossessed and resold.

31. Oxford Law told Ms. Smith that the vehicle was resold in 2010 and thus the claim was well within the six year statute of limitations.

32. Oxford Law told Ms. Smith that she would need to pay $2,000.00 to settle the alleged debt.

33. Based on Oxford Law's statements to her, Ms. Smith believed that she would be sued for the entire amount if she did not settle the account.

34. Therefore, Ms. Smith agreed to an automatic debit of $500.00 from her bank account on January 15, 2015 and another automatic debit of $1,500.00 on January 30, 2015.

35. Oxford Law debited her bank account in the amount of $500.00 on January 15, 2015.

36. Sometime thereafter, Ms. Smith reviewed her credit report and determined that the Rio account had been closed in August of 2009. (Excerpt from credit report attached as Exh. A).

37. She also learned that the statute of limitations for a deficiency action in Arizona is four, not six, years. A.R.S. § 47-2725.

38. Therefore, Oxford Law misrepresented the statute of limitations to her.

39. On January 8, 2015, Oxford Law sent Ms. Smith its original dunning letter. (Letter attached as Exh. B).

40. It did not provide the required information in a debt collector's initial communication to a consumer under the FDCPA. 15 U.S.C. § 1692(g)(a).

41. The letter identified the current creditor as Purchasers Advantage.

42. The letter identified the original creditor as Citi-Serve.

43. Ms. Smith has never had an account with a company named Citi-Serve.

44. On January 20, 2015, Oxford Law sent Ms. Smith a second letter. (Letter attached as Exh. C).

45. Once again, it identified Purchasers Advantage as the current creditor.

46. Once again, it identified Citi-Serve as the original creditor.

47. It also failed to provide the required information in a debt collector's initial communication to a consumer under the FDCPA. 15 U.S.C. § 1692g(a).

48. Upon learning that the alleged claim was barred by the statute of limitations, Ms. Smith put a stop check on the automatic debit that was to be made January 30, 2015.

49. Nevertheless, the payment went through and Oxford Law debited $1,500.00, leaving Ms. Smith with only a few dollars in her banking account.

## COUNT I: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

50. Defendants' acts and omissions constitute violations of the Fair Debt Collection Practices Act ("FDCPA"), including, but not limited to:

    a.   The failure to provide the notice required by the FDCPA § 1692g(a) in its initial communication to Ms. Smith.

    b.   Communicating with Ms. Smith's mother without Ms. Smith's express consent or to acquire location information pursuant to 15 U.S.C. § 1692b. 15 U.S.C. § 1692c(b).

    c.   Misrepresenting the character, amount, or legal status of the debt; 15 U.S.C. §1692e(2)(A);

6

    d.    The threat to take any action that cannot legally be taken or that is not intended to be taken.  15 U.S.C. § 1602e(5)

    e.    The use of false, deceptive, or misleading representations or means in connection with the collection of a debt; 15 U.S.C. § 1692e, and,

    f.    The use of unfair or unconscionable means to collect a debt.  15 U.S.C. § 1602f.

51. As a result of Defendants' violations of the FDCPA, Ms. Smith suffered damages in an amount to be determined by this Court.

52. Defendants are therefore liable to Ms. Smith in the sum of Ms. Smith's actual damages, statutory damages in the amount of $1,000, and costs and attorney's fees.  15 U.S.C. §1692k(a).

## CAUSE OF ACTION NO. II: INVASION OF PRIVACY

53. Defendants' debt collection efforts with respect to Ms. Smith were unreasonable.

54. Consequently, Defendants' acts and omissions constitute an invasion of privacy.

55. As a result of Defendants' invasion of privacy, Ms. Smith suffered damages in an amount to be determined by this Court.

56. In invading Ms. Smith's privacy, Defendants acted with an evil mind, intending to injure Ms. Smith or consciously disregarding the substantial risk that its conduct would cause significant harm to Ms. Smith.

57. Ms. Smith is therefore entitled to recover both actual and punitive damages.

## JURY DEMAND

58. Ms. Smith demands a jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court award her:

a. Her actual damages;

b. Punitive damages;

c. Statutory damages in the amount of $1,000 pursuant to 15 U.S.C. §1692k(a)(2);

d. Attorney's fees and costs in bringing this action pursuant to 15 U.S.C. §1692k(a)(3);

e. Prejudgment and post-judgment interest; and,

f. Such other relief as it deems just.

RESPECTFULLY SUBMITTED on February 3, 2015.

CHOI & FABIAN, PLC

/s/ Veronika Fabian
Attorneys for Plaintiff Smith